UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21383-BLOOM/Otazo-Reyes

FREDERICK WENDT,

    Plaintiff,

v.

UNIVERSAL PROTECTION SERVICE, LLC,
*d/b/a* Allied Universal

    Defendant
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff Frederick Wendt's Motion to Remand, ECF No. [5], filed on April 14, 2023. Universal Protection Service, LLC filed its Response in Opposition, ECF No. [13], to which Plaintiff filed a Reply, ECF No. [14]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

On March 11, 2023, Plaintiff Frederick Wendt filed his state law cause of action under the Florida Civil Rights Act of 1992, Florida Statutes § 760 et seq. ("FCRA"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Complaint at ¶ 1. The Complaint asserts a claim for age discrimination against Defendant Universal Protection Service, LLC, in violation of the FCRA (Count I). *Id*. ¶ 17. Plaintiff, a citizen of the United States and a resident of Florida, was employed by Defendant, a citizen of Pennsylvania. *Id*. ¶¶ 9, 11, 12. Plaintiff alleges he was terminated by Defendant without any warning, discipline, or investigation,

and was replaced by a younger employee. *Id.* ¶¶ 14-16. Plaintiff is seeking "all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees, and any other lawful relief this Court deems to be just and proper." *See id.* ¶ 21. Defendant removed the case to this Court on April 12, 2023, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal ¶ 1.

In the Motion, Plaintiff seeks to remand the case back to state court. The parties do not dispute that diversity of citizenship exists yet Plaintiff contends that the amount in controversy does not exceed the jurisdictional amount of over $75,000.00. ECF No. [5]. Defendant responds that the amount in controversy exceeds the jurisdictional threshold. ECF No. [13].

**II. LEGAL STANDARD**

Title 28 of the United States Code § 1332(a) vests a district court with subject matter jurisdiction in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and where the parties are diverse. "Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A removing defendant bears the burden of proving proper federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).

When a plaintiff has not pled specific damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Additionally, the court must focus on the amount in controversy at the time of the removal, not any later point. *Pretka*, 608 F.3d at 751. The court first "examines whether 'it is facially apparent from the

complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka*, 608 F.3d at 754. When "the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). "[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The court may also use its judicial experience, reasonable inferences, and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences as opposed to "conjecture, speculation, or star gazing").

"When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005)); 29 U.S.C. § 1441(b).

Through this lens, the Court addresses Plaintiff's Motion.

## III. DISCUSSION

### A. Amount in Controversy

The Complaint make no mention of the amount Plaintiff seeks as a result of the alleged FRCA violation. Plaintiff argues that remand is warranted because Defendant failed to meet its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount of $75,000.00. ECF No. [5] at 1. Plaintiff emphasizes that Defendant "has only provided this Court with pure speculation that the amount in controversy exceeds $75,000.00." *Id.* Plaintiff argues that: (1) the only evidence set forth by Defendant is the lost wages that Plaintiff earned, which is well below the jurisdictional amount; (2) front pay cannot be included in the amount in controversy calculation because it would require the court to engage in impermissible speculation; (3) Defendant fails to provide the court with any evidence by which to make an informed assessment of a potential punitive damage award or award for mental and emotional distress; and (4) attorneys' fees should not be included in calculating the amount in controversy because attorneys' fees are considered "costs" under the FCRA, and costs cannot be considered in determining the amount in controversy. *Id.* at 3-9.

Defendant responds that the jurisdictional amount has been satisfied and removal is proper. ECF No. [13] at 3. Defendant argues that it has demonstrated that Plaintiff's claim for damages will consist of (1) $26,312.00 for back pay, (2) $13,156.00 for front pay, and (3) $48,869.00 in compensatory damages, totaling $88,337.00. Defendant contends that awards in employment discrimination claims under the FCRA often surpass the $75,000.00 threshold, the FCRA allows for recovery of punitive damages of up to $100,000.00, and the FCRA permits recovery of attorneys' fees and therefore should also be included in the amount in controversy. *Id.* at 5-9. Defendant maintains that to satisfy its burden of establishing the jurisdictional amount, it may rely

on "reasonable inferences and deductions" drawn from the facts to support the jurisdictional amount. *Id.* at 3.

### i. Back Pay

Plaintiff does not contest that back pay is a recoverable element of his damages. Rather, Plaintiff asserts that the potential back pay award should be considered from the date of termination through the date of removal, as opposed to through the date of trial. ECF No. [5] at 12. Plaintiff contends that the correct back pay calculation is $11.50 per hour at twenty-two hours per week for fifty-two weeks, resulting in a total back pay award of $13,156.00. ECF No. [5] at 3. Defendant responds that the Court should consider the back pay award from the date of the adverse employment action until the date of trial. ECF No. [13] at 5.

In cases brought under the FCRA, the court may issue an order providing affirmative relief for a discriminatory practice, including back pay. Fla. Stat. § 760.11(5). In calculating the amount in controversy when considering a motion to remand, courts do not consider back pay from the date of termination through trial. *Kemmerer v. Dollar Thrifty Auto. Grp., Inc.*, No. 08-60616-CIV, 2008 WL 11417792, at *2 (S.D. Fla. Oct. 30, 2008) (citing *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008)). Rather, courts calculate back pay from the date of termination through the date of removal. *Hardman v. Zale Delaware, Inc.*, No. 16-cv-62826, 2017 WL 759023, at *3 (S.D. Fla. Feb. 28, 2017).

Defendant cites three cases in support of its claim that back pay should be calculated through trial. ECF No. [13] at 5 (citing *Wineberger v. Racetrac Petroleum, Inc.*, 672 F. App'x 914, 916-917 (11th Cir. 2016); *Muñoz v. Oceanside Resorts, Inc.*, 223 F. 3d 1340, 1347 (11th Cir. 2000); *Kok*, 274 F. App'x. at 857). However, those cases do not support Defendant's argument. In *Wineberger,* the court estimated the amount in controversy through the date of removal, not trial.

5

672 F. App'x at 917. Relying on *Pretka*, the court found that the amount in controversy had been met because ". . . the amount in controversy is dependent on facts at the time of removal[.]" *Id*. *Kok* also does not support Defendant's contention. In *Kok*, the Eleventh Circuit determined that "the district court correctly concluded that [the defendant] established that, *at the time of removal*, [the plaintiff's] complaint for damages exceeded the amount in controversy required for diversity jurisdiction." 274 F. App'x. at 857 (emphasis added). *Muñoz* is also distinguishable. While Defendant is correct that the Eleventh Circuit found that "[i]n an age discrimination suit, a successful plaintiff receives back pay from the date of his or her termination to the date of trial[,]" the Eleventh Circuit applied this rule in a case with a distinguishable procedural posture. 223 F. 3d at 1347. In *Muñoz*, the Eleventh Circuit decided an appeal of the trial court's denial of a judgment as a matter of law, not a motion for remand due to lack of diversity jurisdiction. *Id*. at 1343. Moreover, *Muñoz* is distinguishable as it involved an appeal of a case that had already been adjudicated and decided in favor of the plaintiff at trial. *Id*.

Plaintiff relies on *Hardman v. Zale Delaware, Inc.* in support of his argument that the back pay award should be considered from the date of termination through the date of removal. ECF No. [14] at 5 (citing *Hardman*, WL 759023, at *3). The *Hardman* court calculated the plaintiff's back pay award through the date the defendant filed its notice of removal. *Hardman*, 2017 WL 759023, at *3. The court found that calculating back pay from the date of the plaintiff's termination through trial was "too speculative" because the need to estimate the trial date, to predict whether the plaintiff would mitigate her damages, and to what extent she would mitigate her damages "would result in an amount [of back pay] based more on conjecture than on evidence." *Id*.

Here too, calculating back pay through trial would be too speculative. Plaintiff's back pay award should represent the amount accumulated by the Plaintiff at the time of removal. Therefore, Plaintiff's back pay award to be applied toward the amount in controversy is $13,156.00.

### iii. Front Pay

Plaintiff argues that front pay should not be included in the amount in controversy and contends that Defendant's proposed calculation of $13,156.00 is impermissibly speculative. ECF No. [5] at 4. Defendant responds that front pay should be considered in the amount in controversy because Plaintiff's Complaint alleges he is owed front pay. ECF No. [13] at 7.

Under the FCRA, plaintiffs are entitled to make a claim for front pay for "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Kemmerer*, 2008 WL 11417792, at *3 (citing *Pollard v. E.I. di Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001)). However, "speculation regarding front pay cannot be used to supplement insufficient back pay for the purposes of meeting the jurisdictional requirement for diversity of citizenship." *Cole v. Gen. Parts Distribution, LLC*, No. 17-cv-14358, 2018 WL 3216118, at *3 (S.D. Fla. Feb. 9, 2018) (citing *Mavaddat v. Cracker Barrel Old Country Store, Inc.*, 2015 WL 5897520, at *2 (M.D. Fla. Oct. 7, 2015)).

Plaintiff relies on *Cole v. General Parts Distribution* to support his argument that front pay should not be included in the amount in controversy. ECF No. [5] at 4. In *Cole*, another court in this district recognized that the defendant failed to present any evidence regarding the potential amount of front pay that the plaintiff could have been awarded. *Cole*, 2018 WL 3216118, at *3. As a result, the court declined to consider front pay in determining the amount in controversy because calculating front pay as one year of the plaintiff's salary was "simply too speculative." *Id.* Plaintiff also relies on *Falci v. Menzies Aviation*, 2011 WL 1321422, at *2 (S.D. Fla. 2011) in support of

7

his argument. ECF No. [5] at 12. In *Falci*, another court in this district concluded that "front pay by definition is not calculated until the date of trial, thus [d]efendant's estimation of the [p]laintiff's front pay at the time of removal is speculative . . . ." Therefore, the court declined to consider front pay in determining the amount in controversy. *Falci*, 2011 WL 1321422, at *2.

Defendant asserts that because Plaintiff alleges that he is owed front pay, front pay should be included in the amount in controversy. ECF No. [13] at 7. Defendant cites to *Gonzalez v. Honeywell Int'l, Inc.* in support of its argument that front pay should be accounted for when assessing the amount in the amount in controversy. ECF No. [13] at 7 (citing *Gonzalez v. Honeywell Int'l Inc.*, No. 8:16-CV-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. 2017)). In *Honeywell*, the court explained that other courts in the Eleventh Circuit "previously held that it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case." *Honeywell Int'l Inc.*, 2017 WL 164358, at *2.

However, Defendant's contention that Plaintiff has alleged he is owed front pay is seemingly inaccurate. Nowhere in the Complaint does Plaintiff allege he is owed front pay. *See* Complaint. Instead, Plaintiff alleges generally that he is entitled to "all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief." Moreover, courts in this district acknowledge that front pay awards lacking evidence to substantiate their calculations are considered impermissibly speculative, and the Court applies that rule here. *See Cole*, 2018 WL 3216118, at *3; *see also Falci*, 2011 WL 1321422, at *2; Order Granting Plaintiff's Motion to Remand, *Jones v. Dollar Tree Stores, Inc.*, No. 12-cv-61262, (S.D. Fla. Aug 3, 2012), ECF No. [12] at 1; *Brown v. American Express Company, Inc.*, 2010 WL 527756, *5 (S.D. Fla. 2010). Defendant has not pointed to any evidence supporting the amount of front pay Plaintiff is likely to recover. Rather, Defendant

8

presumes that the Plaintiff will claim at least one year in lost wages. ECF No. [13] at 7. Therefore, as in *Cole* and *Falci*, the Court finds that one year's salary is an impermissible extrapolation of a front pay award. Therefore, front pay is not considered in the amount in controversy.

### iv. Compensatory and Punitive Damages

The Court next addresses the appropriate amount of punitive and compensatory damages to be included and determines whether those awards, when combined with the potential back pay award, exceed the requisite jurisdictional threshold of $75,000.00. In actions brought under the FCRA, "[t]he court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. § 760.11(5). Although, for purposes of calculating the amount in controversy, a defendant may not rely "on past verdict awards for 'purportedly similar' claims . . . to satisfy the jurisdictional amount." *Hardman*, 2017 WL 759023, at *4. Rather, "[t]he defendant must be able to offer a 'concrete appraisal of the value of [p]laintiff's claims for compensatory or punitive damages.'" *Destel v. McRoberts Protective Agency, Inc.*, No. 03-62067-CIV, 2004 WL 746293, at *4 (S.D. Fla. 2004).

Plaintiff asserts that Defendant has provided no evidence to justify the inclusion of compensatory and punitive damages in the amount in controversy. ECF No. [5] at 5-6. Plaintiff primarily relies on *Hardman* and argues it would be speculative to calculate an unsupported award of compensatory damages in the amount in controversy. ECF No. [5] at 6 (citing *Hardman*, 2017 WL 759023, at *5). In *Hardman*, the defendant cited several jury awards from FCRA and other employment discrimination actions that surpassed the jurisdictional amount. *Hardman*, 2017 WL 759023, at *5. That court found that those cases "failed to demonstrate the relevance of these verdict awards to the present litigation" because the defendant "stated only that [the cases] are

9

FCRA cases and list[ed] the amount awarded by the verdict." *Id.* The *Hardman* court concluded that the defendant provided no comparison between the "factual circumstances underlying the claims in those cases and the present case that would justify including a sum similar to the referenced jury awards and the amount in controversy in this case." *Id.*

Defendant responds that district courts in the Eleventh Circuit routinely permit awards for emotional distress and other intangible injuries for claims in employment discrimination cases that exceed $75,000.00. Defendant cites to *Muñoz*, 223 F.3d at 1348-49 and *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164, 1172 (S.D. Fla. 2000) in support of its argument. ECF No. [13] at 7. Though *Munoz* and *Copley* provide evidence that damages for emotional distress are awarded in FCRA cases, they do not provide support as to the proper calculation of compensatory damages in determining the amount in controversy without engaging in impermissible speculation.

Regarding punitive damages, Plaintiff relies on *Ponce v. FountaineBleau Resorts, LLC*, 2009 WL 2948543, at *6 (S.D. Fla. 2009) in support of its contention that punitive damages should not be included in the amount in controversy. ECF No. [5] at 7 (citing *Ponce*, 2009 WL 2948543 at *6). In *Ponce*, the defendant provided little facts other than the plaintiff's yearly salary from which the court could conclude the plaintiff's claim for damages exceed the jurisdictional amount; the defendant merely referenced case law where juries awarded up to $100,000.00 in punitive damages in FCRA cases. *Ponce*, 2009 WL 2948543 at *6. The court noted that "citation to authority alone may not suffice even to meet the preponderance of the evidence standard." *Id.*

Defendant responds that the full, statutory allowable amount of $100,000.00 should be included in the amount in controversy. ECF No. [13] at 9. Defendant argues that when calculating the amount in controversy in diversity cases, "punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered" and cites to *Santos v. Acara Solutions,*

10

*Inc.*, 2021 WL 1382330, at *2 (M.D. Fla. 2021) in support of its argument. ECF No. [13] at 9 (citing *Santos*, 2021 WL 1382330, at *2). In *Santos*, the court found that "it would [not] be legally impossible for [the plaintiff] to recover punitive damages" because the plaintiff alleged that "her employers' conduct was 'intentional' and with 'actual knowledge of the wrongfulness of the conduct.'" 2021 WL 1382330, at *2.

The instant case is more analogous to *Ponce* because Defendant has not provided the Court with any basis from which the Court could meaningfully evaluate the appropriate amount of punitive damages. Nor did Defendant draw meaningful comparisons between *Munoz*, *Copley*, or *Santos* to enable the Court to rule consistently with those cases. ECF No. [13] at 8. Therefore, the Court finds that without further evidence, Defendant has failed to meet its burden of proof and it would be impermissible speculation to calculate punitive damages in the amount in controversy.

 v. **Attorneys' Fees**

Plaintiff argues that attorneys' fees should not be included in the amount in controversy because under the FCRA, "fees" are only awarded as part of "costs." ECF No. [5] at 8 (citing *Martinez v. Davey Tree Expert Co.*, 2011 WL 3794754, at *3 (M.D. Fla. 2011). Defendant responds that the FCRA allows for the recovery of attorneys' fees and should be included as part of the amount in controversy calculation.

The FCRA provides that a court, "in its discretion, may allow the prevailing party a reasonable attorney's fee *as part of the costs*." Fla. Stat. § 760.11(5). The Eleventh Circuit has explained that "[w]hen a statute authorizes the recovery of attorney fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). However, the issue of whether the amount of attorney's fees included in the amount in controversy is the amount accrued at the time of removal or through trial has

caused a split in district courts within the Eleventh Circuit. *See Castillo v. GeoVera Specialty Ins. Co.*, No. 21-CV-20059, 2021 WL 58116, at *3 (S.D. Fla. 2021); *ITW Food*, 2021 WL 602586, at *4. Despite this split, many courts in this district have taken the position that "the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal."[1] *Castillo*, 2021 WL 58116, at *3.

Plaintiff cites to *Martinez*, 2011 WL 3794754, at *3, *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 n.2 (M.D. Fla. 2011), and Order Granting Plaintiff's Motion to Remand, *Jones v. Dollar Tree Stores, Inc.*, No. 12-cv-61262, (S.D. Fla. Aug 3, 2012), ECF No. [12] at 1 in support of its argument that attorneys' fees cannot be considered in determining the amount in controversy. Those cases support Plaintiff's argument that court costs cannot be included in the amount in controversy. *See Martinez*, 2011 WL 3794754, at *3; *Fusco*, 806 F. Supp. 2d at 1244 n.2; *Jones*, No. 12-cv-61262, ECF No. [12] at 1.

Defendant cites to *Morrison* v. Allstate Indemnity Company, 228 F.3d 1255 (11th Cir. 2000) in support of its argument that attorneys' fees should be included in the amount in controversy. In Morrison, the court noted that attorneys' fees may be included in the amount in controversy calculation to make the *separate* point that attorney's fees may not be aggregated for calculating amount in controversy in class actions. Here, even if the Court were to consider attorneys' fees in the amount in controversy, Defendant has failed to provide *any* factual basis for an estimation of attorneys' fees incurred by Plaintiff at the time of removal. Defendant has seemingly acknowledged that it has failed to meet its burden, by stating that "[b]ecause the amount in

---

[1] *See Frisher v. Lincoln Benefit Life Co.*, No. 13-20268-CIV, 2013 WL 12092525, at *2 (S.D. Fla. Aug. 19, 2013); *Gold v. Traveler Indem. Co.*, No. 12-80036-CIV, 2012 WL 13019199, at *2 (S.D. Fla. Mar. 29, 2012); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, No. 10-20052-CV, 2010 WL 2044889, at *4 (S.D. Fla. Apr. 21, 2010); *Rogatinsky v. Metropolitan Life Ins. Co.*, No. 09-80740-CIV, 2009 WL 3667073, at *3 (S.D. Fla. Oct. 26, 2009); *Waltemyer v. Nw. Mut. Life Ins. Co.*, No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007).

controversy will exceed the $75,000.00 threshold even without attorney's fees, Allied will not provide an estimate of this figure." ECF No. [13] at 9. Therefore, without any type of reasonable estimate, attorneys' fees may not be included in the amount in controversy.

For the foregoing reasons, the Court finds that Defendant has failed to establish by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold. Defendant has failed to provide the court with sufficient evidence from which to make reasonable inferences and draw deductions from the facts to support the jurisdictional amount in controversy. Therefore, remand is warranted.

**B. Attorneys' Fees Incurred as a Result of Removal**

Plaintiff seeks an award of attorneys' fees if his Motion for Remand is granted. Plaintiff argues that there is no objective, reasonable basis for removal because Defendant provided only conclusory and speculatory allegations regarding what damages Plaintiff may be entitled to under the FCRA. ECF No. [5] at 10. Plaintiff argues that attorneys' fees should be awarded because removal to federal court was clearly unreasonable. ECF No. [5] at 11. Defendant responds that the arguments in the Notice of Removal are objectively reasonable, and therefore Plaintiff's request for attorneys' fees should be denied. ECF No. [13] at 9.

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "the standard of awarding fees should turn on the reasonableness of removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Where the jurisdictional damages are unspecified the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence*." Lowrey v. Alabama Power Co*., 483 F.3d 1185, 1208 (11th Cir. 2007). Accordingly, "[a]bsent unusual circumstances, courts may award

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Courts have remanded cases for lack of diversity jurisdiction but withheld an award of attorneys' fees to the plaintiff where the defendant has an objectively reasonable basis for removal. *See Hardman*, 2017 WL 759023, at *6 (finding that the defendant had an objectively reasonable basis for removal when the plaintiff requested unspecified damages); *see also Ponce v. Fontainebleau Resorts, LLC*, 653 F. Supp. 2d 1297, 1305 (finding that although the defendant failed to meet his burden of establishing the jurisdictional amount by a preponderance of the evidence, the defendant had an objectively reasonable basis for removal).

Plaintiff relies on *Publix Supermarkets Inc. v. United Food & Commercial Workers*, 900 F. Supp. 419, 422 (M.D. Fla. 1995) and *Bujanowski v. Kocontes*, 359 F. App'x. 112, 114 (11th Cir. 2009) in support of his claim that Defendant lacked an objectively reasonable basis for removal. ECF No. [5] at 11. In *Publix Supermarkets*, the court found the defendant did not have an objectively reasonable basis for removal because "federal subject matter jurisdiction was "patently lacking." *Publix Supermarkets*, 900 F. Supp. at 421. The court found that the court patently lacked federal question jurisdiction where "the [p]laintiff's state law claim . . . emanate[d] from a separate body of state substantive rights, and the claim does not raise any legal cause that has been preempted under federal labor law." *Id.* Therefore, the court found that the plaintiff was entitled to recover from the defendants the expenses incurred as a result of improper removal. *Id*. at 422. Unlike *Publix Supermarkets*, Plaintiff has failed to prove that there is anything on the face of the Complaint that would show that diversity jurisdiction was patently lacking.

In *Bujanowski*, the court found the defendant likely sought to prolong litigation and impose costs on the imposing party by removing because there was "overwhelming evidence" that

diversity jurisdiction was lacking. *See Bujanowski*, 359 F. App'x. at 114. The court concluded that as a result, the defendant did not have an objectively reasonable basis for removal. *Id. Bujanowski* is distinguishable because Plaintiff has not provided any evidence that Defendant removed this case so as to prolong litigation and impose unnecessary costs.

Plaintiff also cites *Rae v. Perry*, 392 F. App'x. 753, 756 (11th Cir. 2010) in support of its claim for attorneys' fees incurred in moving for remand. ECF No. [5] at 10 (citing *Rae*, 392 F. App'x. at 756). In *Rae*, the Eleventh Circuit found that the defendant did not have an objectively reasonable basis for removal when the complaint and supporting documentation filed with the notice of removal indicated that the plaintiff only sought $20,000.00 in compensatory damages all together. *Rae*, 392 F. App'x. at 756. Therefore, subject matter jurisdiction was patently lacking. *Id.* The instant case is distinguishable from *Rae*, because here, damages are unspecified. *Id.* Unlike the complaint and supporting documents in *Rae*, here, Plaintiff has not set forth any amount of damages he seeks within the Complaint.

Based on the information presented, the Court denies Plaintiff's request for attorneys' fees incurred due to the removal. Plaintiff has failed to show this Court that Defendant lacked an objectively reasonable basis for removal. Here, the damages requested by Plaintiff are unspecified, and there is nothing on the face of the Complaint that would indicate that the Plaintiff is requesting less than the jurisdictional amount in damages. Consequently, the Court considers the punitive damage cap of $100,000.00 in FCRA cases, as well as the potential for an award of compensatory damages and attorneys' fees in its assessment of whether Defendant lacked an objectively reasonable basis for removal. The Court finds that, while factually deficient, Defendant did not lack an objectively reasonable basis for removal when considering Plaintiff's unspecified demand for punitive damages, compensatory damages, and attorneys' fees.

Case No. 23-cv-21383-BLOOM/Otazo-Reyes

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [5]**, is **GRANTED IN PART AND DENIED IN PART.**

2. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record